UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES ST. GELAIS**,

    **Plaintiff,**

v.                                                                                  Case No. 8:04-CV-1767-T-EAJ

**JO ANNE BARNHART,**
**Commissioner of**
**Social Security,**

    **Defendant.**

_____/

**FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g) et seq., to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying benefits.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**A.**    **Standard of Review**

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g)(2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth

---

[1] The parties have consented to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. (Dkt. 9)

v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814, F.2d 585, 588 (11th Cir. 1987).

**B.    Factual Background**

Plaintiff filed an application for Disability Insurance Benefits (DIB) and Social Security Insurance (SSI) on February 28, 2002, claiming an onset of disability beginning September 8, 2000.[2] (T 61-63)  Plaintiff's application was denied initially, upon reconsideration, and by the Administrative Law Judge (ALJ) in a decision issued on April 9, 2004. (T 13-23)[3] The Appeals Council declined to review the ALJ decision (T 4-6), making the ALJ decision the final decision of the Commissioner.

The ALJ found that Plaintiff was not eligible for DIB or SSI benefits because he was not disabled at any time through the ALJ's decision on April 9, 2004. (T 22) Disability benefits were

---

[2]Plaintiff originally alleged an onset of disability from May 11, 1999 (T 61-63), but amended his alleged onset of disability date to September 8, 2000 at the administrative hearing. (T 490-491)

[3]Plaintiff filed two applications for disability benefits prior to his application of February 28, 2002. (T 55-60) These applications were denied at the initial level and Plaintiff did not take further action. (T 41-46)

denied. (T 23) Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits.

Plaintiff alleges that the Commissioner erred in failing to give proper weight to Plaintiff's complaints of pain and failing to secure testimony of a vocational expert. (Dkt. 14 at 1). Plaintiff has exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.

Plaintiff was 31 years old at the time of the administrative hearing on November 20, 2003. (T 491)  Plaintiff attended school through the 11th grade and received a graduate equivalency degree. Id. Plaintiff's past relevant work experience consists of work as a warehouse laborer, truck driver, saw operator, forklift operator, and construction worker. (T 115, 121, 141)

Plaintiff argues that degenerative disc disease and chronic back pain have rendered him unable to work since September 8, 2001. (Dkt. 14 at 1-2). Following the administrative hearing on November 20, 2003, the ALJ found that Plaintiff suffered from degenerative disc disease, arthritis, myofascitis, radiculitis, chronic low back pain, chronic bronchitis, obesity, anxiety/depression, and poly substance abuse (in remission). (T 19)  The ALJ determined that the above impairments are severe, "but not severe enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (T 19)  The ALJ determined that Plaintiff could perform his past relevant work of forklift operator and semi truck driver, and that he could perform a wide range of light work activity.[4] (T 21-22)  In reaching its conclusion that Plaintiff had not been under a "disability" since September 8, 2001, the ALJ held

---

[4] Light work, defined at 20 C.F.R. §§ 404.1567(c), 416.967(c), involves the lifting of not more than twenty pounds occasionally with frequent lifting and carrying of objects weighing up to ten pounds.

that Plaintiff's statements regarding his symptoms and impairments were not wholly credible. (T 20)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**C.     Discussion**

Plaintiff argues that the Commissioner erred by: (1) failing to accord proper weight to Plaintiff's complaints of pain; and (2) failing to secure the testimony of a vocational expert in considering Plaintiff's non-exertional impairments. (Dkt. 14 at 7-9).

### 1. Evaluating Plaintiff's Pain Testimony

Plaintiff contends that the ALJ did not give proper weight to Plaintiff's pain testimony. The Eleventh Circuit has established a three-part pain standard to use when evaluating a claimant's subjective complaints of pain. A plaintiff must show: (1) evidence of an underlying medical condition, and either (2) the medical evidence substantiates the severity of the pain from the condition or (3) that the condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986). This standard is consistent with Social Security regulations which provide that a claimant may establish a disability through subjective testimony of pain if "medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." Elam v. R. R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (citing 20 C.F.R. §§ 404.1529, 416.929).

In the instant case, the ALJ did not cite the Eleventh Circuit pain standard discussed above. Instead the ALJ stated the pain standard in this way: "[Pain] can constitute disability for Social Security purposes only if it is not remediable and if it is of such degree as to preclude an individual

4

from engaging in substantial gainful activity." (T 21)  The ALJ stated that in this case "the medical evidence does not document a continuing impairment of incapacitating proportions, i.e., one which would produce pain of such intensity that the ordinary physical activity to perform basic work-related functions would be impossible or contraindicated for a continuous period of twelve months or more." (T 21)

The ALJ need not cite to this Circuit's pain standard if the ALJ's findings and discussion indicate that he has applied the proper standard.  Wilson v. Barnhart, 284 F.3d 1219, 1226 (11th Cir. 2002).  Here, however, the ALJ's findings and discussion do not indicate that he applied the Eleventh Circuit's pain standard.  For instance, when considering Plaintiff's pain testimony, the ALJ did not analyze whether Plaintiff has shown evidence of an underlying medical condition, whether the medical evidence substantiates the severity of the pain claimed, or whether the condition is of sufficient severity that it would be reasonably expected to produce the pain alleged.  Rather, the ALJ appeared to be applying the statutory definition of "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The omissions in the ALJ's analysis and the citation to statutory language demonstrate that the ALJ did not apply the Eleventh Circuit pain standard.

When the ALJ has not applied the proper standard in considering Plaintiff's subjective complaints of pain, the court should remand for application of the correct legal principles.  Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987) (citing Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987)).  Therefore this case must be remanded for application of the Eleventh Circuit pain standard

as outlined above.

**2. Testimony of a Vocational Expert**

Plaintiff argues that the Commissioner erred in failing to obtain the testimony of a vocational expert. The testimony of a vocational expert is required only to determine whether the claimant's residual functional capacity permits him to perform other work after the claimant has met his initial burden of showing that he cannot do past work. Schnorr v. Bowen, 792 F.2d 129, 131-32 (11th Cir. 1986)(citations omitted). The Commissioner may use vocational testimony to show that there are other jobs in the national economy which plaintiff can perform. Id.

Once the plaintiff has demonstrated that he cannot perform his past relevant work, the burden shifts to the Commissioner to establish that there are other jobs plaintiff can perform. Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989). In order to make this showing, the Commissioner can utilize the Medical-Vocational guidelines (the "grids") in 20 C.F.R. Subpart P, App. 2 if a claimant primarily suffers from exertional impairments, without significant exertional limitations. When nonexertional limitations are alleged, the use of a vocational expert is preferred. Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The grids are not to be used where the claimant is unable to perform a full range of work at a given exertional level or where the claimant has non-exertional impairments that significantly limit work skills. See, e.g., MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986).

However, the ALJ is not required to elicit testimony from a vocational expert in determining whether a plaintiff can return to his former work. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). In this instance, the ALJ determined that Plaintiff could return to his former work of forklift operator and semi truck driver. (T 21) The ALJ does not require the testimony of a vocational

expert to make that determination. On the present record, Plaintiff's argument that the Commissioner erred in not obtaining vocational expert testimony is without merit. However, should the Commissioner's findings change upon remand, vocational expert testimony may be needed if required by the controlling legal authorities.

**D.     Conclusion**

Remand is necessary to permit the ALJ to apply the Eleventh Circuit pain standard to Plaintiff's pain testimony. The ALJ must consider evidence of an underlying medical condition, whether the medical evidence substantiates the severity of the pain from the condition, and whether the condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. Upon remand, the parties shall be afforded an opportunity to present evidence on the issues remaining for determination. The court expresses no view as to what the result should be on remand.

Accordingly and upon consideration, it is **ORDERED** that:

(1)     the decision of the Commissioner be **REVERSED** and the case **REMANDED** for further proceedings and consideration consistent with the forgoing; and

(2)     the Clerk of Court enter final judgment in accordance with 42 U.S.C. § 405(g) as a "sentence four" remand and close the file, with each party bearing his own costs and expenses.

**DONE AND ORDERED** in Tampa, Florida on this 25th day of October, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge

7